DANIEL S. DEWEES *v.* AMELIA L. DEWEES.

1. CHANCERY. *Practice. Dismissal of original bill. Effect as to cross-bill.*
   It is a general rule in equity that the dismissal of an original bill carries with it the cross-bill; but this result will not necessarily follow where the cross-bill is filed for a relief separate and independent of the original bill, though growing out of the same subject-matter involved in the original bill.

2. SAME. *Practice. Retaining a cause on cross-bill after dismissal of original bill.*
   Where a husband files a bill for divorce, and the wife answers and makes her answer a cross-bill, in which she prays for alimony *pendente lite*, and permanent alimony upon final hearing, but does not ask for divorce, and the husband, after the proof is in, disproving his allegations and sustaining the allegations of the cross-bill, dismisses the original bill, the court may, in such case, order the cause to be retained for a final decree on the cross-bill.

3. ALIMONY. *Decree for, how framed.*
   It is error in a court to render a decree granting permanent alimony, to continue "during the natural life of the wife." It should be made to continue until a dissolution of the marriage by the death of either party.

APPEAL from the Chancery Court of Hancock County.

Hon. GEORGE WOOD, Chancellor.

The case is stated in the opinion of the court.

*J. B. H. Hemingway*, for the appellant.

1. It was error in the Chancery Court to retain the cross-bill after the appellant had dismissed the original bill. A complainant may dismiss his own bill as a matter of course. 1 Dan. Ch. Pr. 795. The dismissal of the original bill carries with it the cross-bill. *Belcher* v. *Wilkerson*, 54 Miss. 667 ; *Jacks* et al. v. *Bridewell*, 51 Miss. 881 ; *Thomasson* v. *Neely*, 50 Miss. 310. This rule should be more especially applied under our practice, where the answer of the defendant may be

made a cross-bill. The cross-bill, being an answer to the original bill, is, of course, more dependent upon the original bill than a cross-bill under the English chancery practice would be. In Indiana, where the same practice prevails as to making an answer a cross-bill as here, the dismissal of the original bill in a divorce suit carries the cross-bill also. *Stoner* v. *Stoner*, 9 Ind. 505. But the general rule of practice is that, where the complainant in a suit for divorce dismisses the original bill, such dismissal carries the cross-bill of the defendant also. 2 Bishop's Mar. & Div., sec. 318.

2. The final decree is erroneous in giving alimony to the appellee "during her natural life." The decree is a lien upon the appellant's property, and the appellee will be entitled to her alimony as well after the death of her husband as before. If the appellant be considered by the court as to blame for the separation from the appellee now, he certainly cannot be regarded as in fault when he is separated from her by death. He is certainly entitled to be discharged from his marital obligations by death. This error in the decree is one of much importance to the appellant and his heirs, for, as the record shows, he is now seventy-one years old, while the appellee is only fifty; and if the decree should operate as intended, the alimony might continue twenty-five years after the death of the appellant. The decree should only have given alimony during the lives of both parties, or till the wife should be restored to her conjugal relations. 2 Bishop's Mar. & Div., sec. 361.

*J. B. H. Hemingway* also argued the case orally.

*Fisk & Henderson*, for the appellee.

1. It was not error in the court to retain the answer and cross-bill after the complainant had dismissed the original bill. The dismissal of the original bill does not necessarily carry with it the cross-bill. *Ladner* v. *Ogden*, 2 Geo. 332 ; 4 Geo. 153. The dismissal of an original bill does not carry a cross-bill, which is in the nature of an original suit. 2 Geo. 345.

2. The decree rendered on final hearing was not erroneous

in decreeing alimony during life, or until the appellant should receive his wife home again. The action of the court is presumed to be correct. 1 How. 162. Maintenance is a vested right in the wife, founded on the marriage contract, and on the confidence reposed in the husband. It arises out of the marriage contract to support the wife together, if they live happily; separately, if unhappy circumstances should separate them, without fault on the part of the wife. This is the legal duty of the husband, and the wife has a right to demand it of him. *Garland* v. *Garland*, 50 Miss. 694; 6 Smed. & M. 100. The appellee's cross-bill presented a state of facts quite similar to those presented in the Garland case, *supra*.

*Josiah Fisk*, on the same side, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Daniel S. Dewees filed his bill for divorce from his wife, on the ground of desertion. The wife answered, denying the desertion, and alleging that she had been driven from the matrimonial domicile by her husband; that she had always been a dutiful and affectionate wife, and that she had ever been, and was then, anxious to return to a faithful discharge of her matrimonial duties, if permitted so to do. Converting her answer into a cross-bill, she charged that she was destitute of means, while her husband was comparatively wealthy; that he not only refused to support her, but had published a notice in the newspapers forbidding any person to sell goods to her upon his credit, in consequence of which she found it difficult to obtain a livelihood. She prayed for alimony *pendente lite*, and, upon final hearing, for a permanent allowance. She did not ask a divorce. After the proof was all in, demonstrating the falsity of the charge of desertion upon the part of the wife, and establishing the truth of the allegations of her answer and cross-bill, the chancellor made an order for the payment by the husband of alimony *pendente lite*, and of counsel fees. Thereupon the complainant dismissed his bill, but the chancellor inserted in the order granting the alimony and dismissing the

bill a direction that the cause should be retained for the pur-
pose of enforcing payment of the alimony, and also for final
decree on the cross-bill.   At the succeeding term the decree
was rendered, making permanent allowance for the support of
the wife, in accordance with the prayer of the cross-bill, and
the husband having failed to comply with any of these orders,
he was subsequently attached for contempt.   He therefore
prosecuted this appeal.

The principal error assigned is that the court had no right
to retain the cause for any purpose after the dismissal of his
bill by the complainant.   There can be no doubt of the author-
ity of the court to retain it, so far as was necessary to enforce
compliance with its orders for the payment of counsel fees and
alimony *pendente lite*.   These the wife is entitled to, regard-
less of the result of the litigation, except in cases of extreme
bad conduct on her part, and her rights in this respect cannot
be defeated by a voluntary dismissal of the husband's bill.
We think it was proper also to retain the cross-bill for final
hearing.   The general equity rule is that the dismissal of the
original bill carries with it the cross-bill; but, as said in *Lad-
ner* v. *Ogden*, 31 Miss. 332, this result will not necessarily
follow where the cross-bill is filed for relief separate and inde-
pendent of the original bill, though touching the same prop-
erty or growing out of the same subject-matter involved in the
original bill.   Thus, it was held in *Wickliffe* v. *Clay*, 1 Dana,
585, that where the complainant prayed for specific perform-
ance of a contract, and the defendant, by his answer, which
was made a cross-bill, prayed a cancellation of it, the volun-
tary dismissal of the bill did not carry the cross-bill.

While it may be often difficult to apply accurately the rule
laid down by this court in *Ladner* v. *Ogden*, *supra*, and with-
out undertaking to determine whether it found appropriate
illustration in the Kentucky case, we think the case at bar falls
fairly within it.   The relief prayed by the wife, to wit, a sup-
port as wife, was wholly independent of the divorce asked by
the husband.   Having driven her from home, he was bound

to accord it to her, whether she sought a divorce from him or resisted one sought by him. She could have asserted her rights in this respect by an independent proceeding, seeking that object only, and without asking for a divorce. *Garland* v. *Garland*, 50 Miss. 694.

For these reasons, when the proof taken had established the truth of her statements, and the falsity of his, the chancellor properly, we think, retained the cross-bill, after the complainant had dismissed the original bill, in order that he might afford her this independent relief, to which in any event she was entitled. It was a matter eminently within his discretion, to be wisely exercised, so as to accomplish justice between the parties. If satisfied, as he doubtless was, that the complainant's object in dismissing his bill, after the long-protracted litigation instituted by himself, was to delay and postpone the just claim of the wife for a reasonable and permanent provision for her support, we think he was right in retaining the cross-bill, so that that provision should be at once made. Very great suffering and privation might have been imposed on her if this course had not been adopted.

We think that the testimony fully sustained the allegations of the wife's cross-bill. The alimony allowed might well have been larger, but, no cross-appeal having been taken, we cannot notice the request made here to increase it. The case having been properly retained by the final decree in the court below, in so far as was necessary by further orders to enforce it, the wife will be entitled to move in that court for an allowance of counsel fees for defending this appeal. The final decree will be modified by giving and continuing the permanent alimony until the dissolution of the marriage by the death of either party, instead of " during the natural life of the wife," and, as thus modified, is affirmed.