HIRAM D. BALLARD, SHERIFF AND EX OFFICIO ADMINISTRATOR OF NANCY GILBERT, DECEASED, ANGEOLINE F. DAVIS, ET AL., APPELLANTS, VS. JACOB L. KENNEDY, APPELLEE.

EQUITY PRACTICE—VERIFICATION OF ANSWERS—SIGNING OF ANSWERS —DISMISSAL OF BILL WHEN THERE IS A CROSS-BILL—APPELLATE PRACTICE—WHO CAN APPEAL.

1. In *Merritt vs. Daffin*, 24 *Fla.* 320, 4 *South.* 806, this court, passing upon the effect that our statute, making the realty of a decedent assets in the hands of his executor or administrator, had upon the question of parties to suits for the foreclosure of mortgages made by the decedent in his lifetime, held that the heir at law of such decedent was not a necessary party to a suit for the foreclosure of a mortgage upon the realty of the estate; and that notwithstanding the heir was not a party to such foreclosure proceedings, he was concluded by the foreclosure decree and sale. We now hold that, even as the law then stood, though the heir was not a *necessary* party, yet he was not an *improper* party to such foreclosure proceedings in the event the complainant saw proper to make him a party defendant.

2. Where the heirs at law of a deceased mortgagor have been made parties defendant, along with the administrator of the decedent, to a bill for foreclosure of a mortgage upon the lands of the deceased, and have had their pleadings to such bill stricken out, and the bill is subsequently dismissed as to them, but is carried into final decree against the administrator alone, such heirs at law are so affected by such final decree, under the

ruling in *Merritt vs. Daffin, supra,* as to give them the right to an appeal from such final decree though they are not named as parties thereto.

3. In order to entitle any one to a writ of error or appeal to reverse a judgment or decree, he must have been a *party* or *privy* to the record, or must be *prejudiced* or *injured* by the judgment or decree so that he is to receive benefit and advantage by the reversal thereof. Writ of error or appeal can only be taken by him *who would have had the thing* if the erroneous judgment had not been given.

4. An answer to a bill in equity, unless the verification thereof be waived, must be *sworn to* by the defendant whose answer it purports to be; and when a joint, or joint and several, answer is interposed on behalf of several defendants, it can be considered and treated as the answer only of those of the defendants who sign and verify it by oath.

5. Equally strict is the rule that requires an answer to be *signed by the defendant* whose answer it purports to be. Such *signing* is necessary even where the *oath* thereto has been waived. If the answer lacks either the requisite *signing* or *verification,* it is proper to strike it from the files on motion as being no answer at all, unless the absent requisite has been waived.

6. Where a defendant, however, subscribes his name to the affidavit appended to and verifying his answer, that is a sufficient *signing* thereof.

7. Cross-bills should be filed either at the same time that the answer to the original bill is filed or subsequently thereto, but never before the complainant in the cross-bill has answered the original bill; and if filed before such answer it is proper on motion to strike it from the files.

8. The dismissal of an original bill carries with it and disposes of a cross-bill filed thereto, when such cross-bill sets up matters only that are purely defensive to the original bill, and prays for no affirmative relief. But where the cross-bill sets up, as it may, additional facts, relating to the subject-matter, not alleged in the original bill, and prays for affirmative relief in the case thus made against the plaintiff in the original bill, the dismissal of the original bill does not dispose of the cross-bill, but it remains for disposition in the same manner as if it had been filed as an original bill.

9. When default in pleading has been made, the Clerk of the Circuit Court, without some special authority from the court, has no power to enter a decree *pro confesso* at any other time than upon a rule day.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion of the court.

*Frank Clark* and *J. W. Brady*, for Appellants.

*Crozier* & *McDermott*, for Appellee.

TAYLOR, J.:

Jacob L. Kennedy, the appellee, filed his bill in equity in the Circuit Court of Polk county for the foreclosure of two mortgages made by Nancy Gilbert, deceased, during her lifetime. The first of said mortgages was given to secure a note for $4,753.98, made directly to Jacob L. Kennedy himself; the second made to one D. Hughes to secure a note for $693.15, that covered a portion of the same property included in the mortgage to Kennedy, and that, the bill alleges, was assigned and transferred for a good and valuable consideration to Kennedy by Hughes. The complainant filed his bill against the defendant Ballard, as sheriff and *ex officio* administrator of Nancy Gilbert, deceased, and also against Emily C. Hardaway, Emma Gilbert Cloud, Annie G. Deemer, Volney Terril Gilbert, a minor, Meta D. Gilbert, Warren P. Gilbert, Hugh McM. Gilbert, Angeoline Davis and Annelli Gilbert, a minor, as the heirs at law of Nancy Gilbert, deceased. All the defendants were non-residents of Florida, except Ballard, the sheriff administrator. Order for publication requiring the non-resident de-

fendants to appear and answer was made. The defendants all appeared by counsel, and all of them, including Ballard, the administrator, and the two minors, filed a demurrer to the bill assigning thirteen grounds of demurrer thereto, all of which are frivolous and without merit, and require no further notice at our hands. This demurrer was overruled, upon which, all of said defendants filed a joint and several answer that sets up in substance the following defense: They admit that Nancy Gilbert executed the two notes and mortgages for the amounts alleged in the bill, but aver that she was old and infirm, and not possessed of her full mental faculties; that Jacob L. Kennedy is the son-in-law of said Nancy Gilbert, and lived with and was supported by her, and had in a large measure the management of her business affairs and property; that he had acquired great influence over her. That the said Kennedy had no property or means except such as he derived from her. That the said mortgage made by her directly to said Kennedy was wholly without any consideration whatever. That knowing the infirmities of the said Nancy Gilbert, he wilfully abused the confidence she placed in him, and by chicanery and fraud induced her to sign and execute the said note and mortgage first described in the bill, in order to absorb her estate at her death, with the deliberate intention to defraud the other heirs, and that neither the said Nancy Gilbert, nor any of them ever received any benefit therefrom, and that no consideration was ever given or paid therefor by the complainant, or by any one for him.

As to the second mortgage they answer and say that it was made to the said D. Hughes at the instance of the said Kennedy for purposes of his own and for his own benefit, and not for the benefit of the said Nancy

JUNE TERM, 1894.     487

Ballard, Admr., and Davis et al. v. Kennedy —Opinion of Court.

Gilbert, and that after it was paid off with the money of the said Nancy to the said D. Hughes, the said Kennedy had it transferred to himself, instead of having it cancelled as he should have done, for the purpose of holding it as an incumbrance against the estate after her death; and that the same is wholly without consideration as to the said Nancy and the defendants. That the said Kennedy is and has been wholly without means and with no income; and that he has lived for years upon the bounty of his said mother-in-law; and that whatever sums of money he may have ostensibly loaned to her in the presence of others were simply advances from her assets in his hands, advanced her in this way with the design upon his part to claim them as loans in the future, and thereby defraud the estate after her death. This answer, though purporting to be the joint and several answer of all the defendants named in the bill, is sworn and subscribed to by the defendant Angeoline F. Davis alone, but she swears positively to the facts therein averred.

Frank Clark was appointed by an order in the cause to be the guardian *ad litem* to defend the same for the two minor defendants, Volney Terril Gilbert and An-nelli Gilbert, and for them he, as such guardian *ad litem*, filed, without verification, a brief submission of their rights and interests in the cause to the consideration and protection of the court, demanding therein strict proof of the matters alleged in the bill.   On the 22nd of March, 1890, the complainant moved the court to strike from the files the said joint and several answer filed by all of the defendants upon the grounds:   (1) Because the same is not sworn to by the said defendants or either of them; (2) because said answer is not signed by said defendants or either of them; (3) because said defendants Volney Terril Gilbert and An-

nelli Gilbert are minors, and can on'y answer by guardian *ad litem,* while this answer purports to have been made by them in person as though they were adults. The court granted this motion on the same day.

The same defendants—all joining therein—also filed a cross-bill against Kennedy, setting up the same matters therein that were set up in their answer, and prayed therein that said mortgages sought to be foreclosed by Kennedy's bill might be set aside and declared void as against them as a cloud upon the title of the land of said estate; and that the said two mortgages might be delivered up to be cancelled. Hiram D. Ballard, as administrator of the estate, also filed a separate answer in which he sets up the same defense to said bill as is set up in the joint answer before mentioned. But this separate answer of his was neither signed nor sworn to by him.

The complainant, on the 12th of April, 1890, moved the court as follows : "And now comes the complainant, by Crosier & McDermott, his solicitors, and moves the court as follows : 1. To strike from the file and record of the cause a paper writing filed herein on the 7th day of April, 1890, purporting to be the answer of defendant H. D. Hallard, admr., &c., because such answer is not verified or signed as required by law and by the order of the court. 2. To strike from the record a paper writing filed April 5th, 1890, purporting to be a cross-bill, for want of sufficient verification, and because the defendants filing the same have not answered the original bill of complaint. 3. For judgment *pro confesso* in the cause; and 4, for an order dismissing the original bill against all the defendants therein named, and described as the heirs at law of Nancy Gilbert, deceased, the complainant Kennedy electing to proceed against H. D. Ballard,

administrator, alone." Notice was given of this motion, and on April 12th, 1890, the judge made the following order therein : "The motion to dismiss as to all defendants save H. D. Ballard, administrator, is granted, complainant to pay costs incurred in regard to them. The motion to strike out the papers filed as an answer and cross-bill is also granted on the grounds set out in the motion. The decree *pro confesso* can be entered by the clerk, and therefore it is not now necessary to rule upon." On the said 12th day of April, 1890, the following entry of a decree *pro confesso* was made by the clerk of the court in the chancery order book at the instance of the complainant's counsel : "Now on this 12th day of April, A. D., 1890, it appearing that papers filed as answers by the defendant H. D. Ballard, administrator, were stricken from the files by order of His Honor G. A. Hanson, this day made on motion of complainant's solicitors, Crosier & McDermott, a judgment *pro confesso* is hereby taken and entered against the said Hiram D. Ballard, administrator of Nancy Gilbert, deceased, for want of plea, answer or demurrer, and the case set for hearing *ex parte*. W. H. Johnson, Clerk." On the 14th day of April, 1890, the judge, without reference to a master for taking evidence as to the amount due, upon his own computation of interest upon the two original notes and mortgages sued upon, rendered a final decree of foreclosure against H. D. Ballard, as administrator, alone, for the sum of $7,316.77. W. H. Johnson was therein appointed special master to execute said decree. The defendant Ballard, as administrator, and all persons claiming under and through the said Nancy Gilbert, deceased, were thereby adjudged to be forever barred and foreclosed from all equity of redemption and claim of, in and to said mortgaged

premises, or any part thereof. From this final decree all of the defendants named in the original bill have entered their appeal to this court. All of the before enumerated rulings of the court are assigned as error.

The appellee insists that none of the defendants named in the original bill have any right to appeal from the final decree rendered in the cause, except Ballard, the administrator, because none but Ballard are parties to such final decree. This contention of the appellee is untenable. This court, in Merritt, Executor, vs. Daffin, 24 Fla., 320, 4 South. Rep., 806, passing upon the effect that our peculiar statute, making the realty of a decedent assets in the hands of his executor or administrator, had upon the question of parties to suits for foreclosure of mortgages made by the decedent in his lifetime, held that, the heir at law to such decedent was not a necessary party to a suit for the foreclosure of a mortgage upon the realty of the estate, and that the administrator, holding the real estate of his intestate as assets was, under the laws of this State, the only necessary party to such a suit; and that the heir at law, though not a party to such foreclosure suit, is concluded by a decree of foreclosure and sale thereunder against such administrator. This construction of the statute makes the decree of foreclosure as binding upon the heir at law, and affects his rights in the land as such heir as effectually as though he were a direct party to the decree itself. The case last cited, though holding that the heirs at law were not *necessary* parties to the foreclosure proceeding, does not decide that they are at all *improper* parties, should the pleader see proper to join them as defendants in such a proceeding. And their interests as heirs at law in the land to be affected are such that we do not think they would be *improper* parties. The-

complainant voluntarily made the defendants, as heirs at law, parties to his bill; and, after they disclose a highly meritorious defense that, if true, would completely bar his recovery, he dismisses the suit as to them, and carries the proceedings into a decree against the sheriff as administrator of the deceased mortgagor alone, who seems not to be so cognizant of the facts urged by the heirs as a defense as to make him feel warranted in verifying an answer embodying them on his own behalf as administrator. In Loring vs. Wittich, 16 Fla., 323, this court held that "no person can bring a writ of error to reverse a judgment who was not a party or privy to the record, or who was not *injured by the judgment*, and, therefore, is to receive advantage by the reversal thereof." In 2 Saunders Rep. note 6, cited approvingly in Loring vs. Wittich, *supra.*, it is said: "No person can bring a writ of error unless he is a party or privy to the record, or is *prejudiced by the judgment;* the rule upon the subject being, that a writ of error can only be brought by him *who would have had the thing* if the erroneous judgment had not been given." In Henningham & Windham's Case, 1 Leonard's Rep., 261, it was held that *error* and attaint always descends to such person to whom the land should descend, and that, therefore, if a man hath lands of the part of his mother and loses it by erroneous judgment and dies, the heir at law on the part of the mother shall have writ of error. Writ of error at law and appeal in equity are so closely identical as remedial process for the review by appellate courts of the judgments of inferior courts, that the same circumstances that would give to a party the right to a writ of error at law would entitle him to the twin remedy by appeal in the equity case. Therefore we think that

under the circumstances of this case all of the heirs at law who were originally made parties defendant to the complainant's bill have the right to prosecute this appeal from the final decree of foreclosure. Though they are not named as parties in said decree, yet their rights as heirs at law are concluded thereby as effectually as though they were expressly named therein. The land to be sold under said decree, in the absence of other debts against the estate, descends to them, should said decree be reversed, and should the defense they bring forward be ultimately sustained. While they were parties to the proceeding for foreclosure, interlocutory rulings were made that affected directly their individual pleadings in the cause. Under all these circumstances we think they are clearly entitled to a review upon appeal of all the proceedings leading up to the final decree appealed from, though they are not named as parties in such decree. Savannah vs. Jessup, 106 U. S., 563; Elliot's Appellate Pro. secs. 133, 136; Brooks vs. Doxey, 72 Ind., 327; Renner vs. Ross, 111 Ind., 269; Jones vs. Thompson, 12 Cal., 191; Phillips vs. Skelton, 6 Iowa, 545. The motion to strike out the joint and several answer filed on behalf of all the defendants, but subscribed and sworn to by the defendant Angeoline F. Davis alone, was upon the grounds: (1) Because said answer is not *sworn* to by said defendants, or either of them; (2) because said answer is not *signed* by said defendants, or either of them; (3) because it purports to be the personal answer of the two minors, Volney T. Gilbert and Annelli Gilbert, when they can only answer by guardian *ad litem.* The granting of this motion was entirely proper as to all of the defendants named in the answer, except as to Angeoline F. Davis, who, in her own person, appears alone to have sworn to same, and to have subscribed

her name to the oath verifying it. An answer to a bill in equity, unless the verification thereof be waived, must be sworn to by the defendant whose answer it purports to be; and when a joint, or joint and several, answer is interposed on behalf of severnal defendants, it can be considered and treated as the answer only of those of the defendants who sign and verify it by oath. And when an answer is interposed without the requisite verification it is proper to strike it from the files on motion as being no answer at all, unless its verification under oath has been waived. Binney's Case, 2 Bland's Chy. 99; Done vs. Read, 2 Ves. & B., 310; Bailey Washing Machine Co. vs. Young, 12 Blatchf., (C. C.), 199. The rule is equally strict that requires an answer to be *signed* by the defendant whose answer it purports to be. If not signed it is proper to strike it from the files, unless such *signing* has been waived. Fulton Bank vs. Beach, 2 Paige Chy., 307; Codner vs. Hersey, 18 Ves., Jr., 468; ———— vs. Lake, 6 Ves. Jr., 171. Such *signing* of the answer by the defendant is held to be necessary even where the *oath* thereto has been waived. Denison vs. Bassford, 7 Paige Chy., 370; Kimball vs. Ward, Walker's Chy., (Mich.), 439. Where a defendant, however, subscribes his name to the affidavit appended to and verifying his answer, that is a sufficient *signing* of the answer. Hincers vs. Robertson, 24 N. J. Eq., 348. The answer here was not only sworn to by Angeoline F. Davis, but the oath thereto was actually subscribed by her. In view of the peculiar facts set up as a defense in the answer, and in consideration of the fact that the answer was designed to protect the estate of a deceased person, and that the real parties in interest were all non-residents, and that the facts disclosed by the answer, if true, were in all probability better known to the im-

mediate family of the deceased than to the resident sheriff and *ex officio* administrator, who from his position was not likely to have known anything of their existence or truth; and that, under the ruling in Merritt vs. Daffin, *supra*, these heirs would be forever precluded by the decree of foreclosure against the administrator from again setting up the facts urged in their answer in avoidance of said mortgages; and that the plainest demands of justice in the premises demanded an investigation as to the truth of the facts urged in defense, we think the court erred in peremptorily striking said answer from the files in so far as the defendant Angeoline F. Davis was concerned. The court should either have allowed her solicitors to take it from the files and strike therefrom the names of all the other defendants who had neither signed nor sworn to the same, and then refile it as her separate answer; or else he should have allowed it to remain on file as her answer alone, treating the names of the other non-verifying defendants therein as immaterial surplusage. See the authorities *supra*.

The order of the court striking the separate answer filed by the defendant Ballard, as administrator, was proper because said answer was neither signed nor sworn to by him. But it seems to be permissible for the court, under peculiar circumstances justifying it, to order an answer to be put in without the oath or signature of the defendant thereto. ———— vs. Lake, 6 Ves. Jr., 172, and note citing cases; Harding vs. Harding, 12 Ves. Jr., 159; Bayley vs. De Walkiers, 10 Ves. Jr., 441; Dumond, Admr. vs. Magee, 2 Johns. Chy., 240. The disclosures of fact made in the answer that had been put in by the heirs, and by the administrator's separate answer, called so loudly for an investigation as to their truth, that, we think, under the

authority of these cases the court would have been justified under the peculiar circumstances of this case in permitting the answer of the administrator to be put in without his oath, if, from want of personal knowledge of the facts disclosed, he could not conscientiously verify it by oath.

The order of the court striking the cross-bill filed by all of the defendants was predicated upon the ground that it was not sufficiently verified, and because the defendants filing the same had not answered the original bill. We know of no rule that requires a cross-bill to be verified. The order of the court dismissing same as to all of the complainants therein named, except Angeoline F. Davis was proper, for the reason that none of the complainants therein named, except Angeoline F. Davis, had answered the original bill. The general rule is that cross-bills should be filed at the same time with the answer to the original bill, and they may be filed subsequently to the filing of the answer, but never before the complainant in the cross-bill has answered the original bill. 1 Beach's Mod. Eq. Prac., secs. 438, 439. As to Angeoline F. Davis, however, the cross-bill should not have been dismissed on the motion made for that purpose. As before shown, she had answered the original bill. The matter set up in the cross-bill was a proper subject of equity jurisdiction, and arose out of the subject matter of the original bill. It prayed affirmative relief that could not have been attained by answer, and such relief as it was proper and within the jurisdiction of a court of equity to grant, if its allegations had been sustained by proof. The court, so far as she was concerned, erred in striking it out, but should have allowed it to stand as her cross-bill alone, dismissing it only as to the other non-answering com-

plainants named therein. It follows, from the errors already pointed out, that the court erred in granting the order, as to the defendant Angeoline F. Davis, permitting the complainant in the original bill to dismiss his bill as against her. The complainant had the undoubted right to dismiss his own bill against the defendant Angeoline F. Davis, if he saw proper so to do; but, without her consent, he could not thus so readily relieve himself of her cross-litigation against him. The rule with reference to the dismissal of cross-bills upon the dismissal of the original bill in the cause is thus tersely expressed by Judge Caldwell in Lowenstein vs. Glidewell, 5 Dillon (C. C.) 325: "Whether the dismissal of the original bill carries with it the cross-bill depends on the character of the latter. If the cross-bill sets up matters purely defensive to the original bill, and prays for no affirmative relief, the dismissal of the latter necessarily disposes of the former. But where the cross-bill sets up, as it may, additional facts not alleged in the original bill, relating to the subject-matter, and prays for affirmative relief against the plaintiffs in the original bill in the case thus made, the dismissal of the original bill does not dispose of the cross-bill, but it remains for disposition in the same manner as if it had been filed as an original bill." Sigman vs. Lundy, 66 Miss., 522; Chicago Artesian Well Co. vs. Connecticut Mutual Life Ins. Co., 57 Ill., 424; Ragland vs. Broadnax, 29 Gratt., 401; Wickliffe vs. Clay, 1 Dana (Ky.), 585; Wilkinson vs. Roper, 74 Ala., 140; Dewees vs. Dewees, 55 Miss., 315; Pullman's Palace Car Co. vs. Central Transportation Co., 49 Fed. Rep., 261; Dawson vs. Amey, 40 N. J. Eq., 494. After voluntarily making the heirs at law of this deceased mortgagor parties defendant to his bill, and after the formidable

defense that they disclose in their answer and cross-bill, the court, we think, under all the circumstances, should have hesitated long in permitting the complainant to rid himself of that defense by simply, of his own motion, discontinuing his cause against the parties so vigorously defending. The answer and the cross-bill of the defendant Angeoline F. Davis should have been retained, and she allowed an opportunity to sustain them by proof. Had they been sustained by proof, it is clear that the final decree rendered in the cause never could have been properly granted.

The decree *pro confesso* entered by the clerk of the court on the 12th day of April, 1890, was improper and irregular, and no final decree could be granted *ex parte* thereon. The 12th day of April was not a rule day, and there was no order of the judge authorizing the entry of such decree *pro confesso* on that day, or precluding the defendant Ballard from amending his stricken answer. The clerk, without some special authority from the court, has no power to enter a decree *pro confesso* at any other time than upon a *rule day* when default in pleading has been made. The final decree, even as to the defendant Ballard, as administrator, was improperly and prematurely granted, he not having been precluded from further defense by the entry of a proper decree *pro confesso*.

For the errors mentioned, the decree appealed from is reversed with directions for such further proceedings in the cause as shall not be inconsistent herewith.