C. Lyman Spencer, *Appellant*, v. Marion B. Spencer, *Appellee*.

1. Where a cross bill in equity alleges new matter and asks for affirmative relief, the mere dismissal of the original bill does not of itself dismiss the cross bill.

2.  Where no abuse of discretion is shown in extending the time for taking testimony in an equity cause the appellate court will not reverse the order.

This case was decided by Division A.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Geo. U. Walker & Son,* for Appellant;

*Kay, Doggett & Smith,* for Appellee.

WHITFIELD, C. J.—This appeal is from an order extending the time for taking testimony on a cross bill, the original bill in the cause having been dismissed on motion of the complainant.  It is urged that there was error in extending the time for taking testimony because the dismissal of the original bill carried with it the cross bill.  This contention is not tenable because the cross bill is not merely defensive in its character, but it alleges new matter relating in part at least to the same subject matter, and asks affirmative relief thereon; therefore the dismissal of the original bill does not of itself dismiss the cross bill. Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327; Price v. Stratton, 45 Fla. 535, text 547, 33 South. Rep. 644.  The original bill is for divorce on the ground of desertion.  The cross bill alleges matters upon which is asked a divorce on other statutory grounds, alimony, injunctions as to property rights, and the custody of a child.  The propriety of the cross bill cannot be tested on this appeal.  No abuse

38—Vol. 59.

of discretion is shown in extending the time for taking testimony, and the order appealed from is affirmed.

SHACKLEFORD and COCKRELL, J., J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.