C. LYMAN SPENCER, *Appellant,* v. MARION B. SPENCER, *Appellee.*

1. In this State while divorces are to be sought by bill in equity, the statute does not confine the courts to a strict adherence to the rules which obtain in dealing with a decree *pro confesso* in an ordinary chancery suit. The public is a silent partner to all such suits, having an interest in their results inasmuch as they affect the status of children, as well as public morals and decency, and so, in such cases a large discretion must be exercised by a circuit judge.

2. Where a demurrer containing several grounds is directed to the whole of a cross bill, it is properly overruled when one or more of the grounds for equitable relief are sufficient to withstand the demurrer.

This case was decided by Division B.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Geo. U. Walker & Son,* for Appellant;

*Kay & Doggett,* for Appellee.

HOCKER, J.—On October 1st, 1908, C. Lyman Spencer filed his bill in the Circuit Court of Duval County against his wife Marion B. Spencer, praying for a divorce on the ground of desertion for the statutory period. On the 15th of December, 1908, the wife filed her answer denying desertion on her part and charging the defendant with having a violent and ungovernable temper exhibited on divers occasions, with cruel treatment of herself and child, with illicit relations with other women and with having con-

tracted a loathsome contagious disease which she would probably have contracted if she had continued to live with him as his wife. At the same time Mrs. Spencer filed a cross bill praying for a divorce on the grounds set up in her answer, for alimony, counsel fees, custody of her minor girl child, and other relief.

On the 19th of December, 1908, C. Lyman Spencer filed a demurrer to the cross bill on eight grounds, and at the same time filed an answer thereto denying its material allegations.

On the 9th of April, 1909, a special master was appointed to take testimony and report as to the faculties of the parties, alimony, suit money, etc. While the master was taking this testimony, viz., on August 4th, C. Lyman Spencer procured an order dismissing his original bill of complaint, without notice to Mrs. Spencer or her attorneys, and on the following day filed another bill for divorce from his wife on the same ground as was alleged in the first bill. A subpoena was issued on this bill and served on the 5th of August, 1908. This was handed by Mrs. Spencer to her attorney, while a discussion was going on before the judge for an extension of time to take the testimony, and being engrossed in the discussion he forgot the subpoena and paid no attention to the proceedings under the new bill. The court granted an extension of time to take the testimony, and from this order an appeal was taken to this court by C. Lyman Spencer, he contending here that the dismissal of his original bill carried with it the cross bill,. and that the judge had therefore no authority to have testimony taken under the cross bill. This court held that the dismissal of the original bill did not carry with it the cross bill. Spencer v. Spencer, 59 Fla. 608, 52 South. Rep. 146.

Mrs. Spencer's attorney having lost sight of the new bill which had been filed against her, failed to appear, answer

or plead thereto, and a decree *pro confesso* was obtained on this bill on the 4th of October, 1909. After this the case proceeded *ex parte* and testimony was taken in support of this bill. The attorneys for Mrs. Spencer then discovered what had been done on the second bill of Mr. Spencer, and filed a long petition to set aside the decree *pro confesso* setting up the confusion of mind produced in them by the unusual procedure of Mr. Spencer, and for leave to file an answer thereto, which application was granted, and an order made consolidating the two suits. The demurrer to the cross bill filed at the same time with the answer, was heard and overruled on September 3rd, 1910.

C. Lyman Spencer appeals from the orders setting aside his decree *pro confesso*—permitting Mrs. Spencer to answer his bill—consolidating the two cases, and from the order overruling his demurrer to the cross-bill. The assignments of error are based on these rulings, and on the ground that the Circuit Judge in overruling the demurrer to the cross-bill did not state specifically which grounds of demurrer were overruled, as required by Chapter 5912, Laws of 1909.

In support of the contention that the court erred in opening the decree *pro confesso* the defendant relies principally upon decisions of this court dealing with decrees *pro confesso* in ordinary chancery suits, and overlooks the fact that the practice in divorce suits is governed by different considerations from those which obtain in the ordinary chancery suit. These considerations are set forth in the opinion of this court in Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020, as also in Phelan v. Phelan, 12 Fla. 449, text 453. The public is a silent party to all such suits, having an interest in their results, inasmuch as they affect the status of children, as well as public morals and decency. It is said in section 669, vol. 2, Bishop on Mar-

riage, Divorce and Separation, that "By reason of the public interest in a divorce cause the court should be specially inclined to set aside a default, on which ground for example the California court held that for this no affidavit of merits will be required."

It seems from the proceedings that the sole reason why C. Lyman Spencer dismissed his first bill on which issues were made up and then immediately refiled a similar bill, was to get rid of the cross-bill, and the embarrassing allegations which it contained. He sought to simplify matters by confining the controversy to the allegations of his own bill. In this, as was decided by this court, he failed. We think that under the circumstances the Circuit Judge with the proposed defense and counter charges of Mrs. Spencer before him, acted properly in opening the default and in permitting Mrs. Spencer to answer the bill; and we also think he acted properly in consolidating the two suits, so that all the questions involved could be heard and determined at one time.

In this State divorces are to be sought by bill in equity (section 1925 Gen. Stats. of 1906), but the statute does not confine the courts to a strict adherence to the rules which obtain in dealing with a decree *pro confesso* in an ordinary chancery suit. Even in a case of that character the discretion of the circuit judge will not be interfered with by the appellate court unless there has been an abuse of that discretion. Prout v. Dade County Security Co., 55 Fla., 816, 47 South. Rep., 12.

C. Lyman Spencer filed the following demurrer to the cross-bill: "And now comes the said C. Lyman Spencer, defendant in said cross-bill by his counsel and says that he is advised that the said cross-bill is subject to demurrer and he therefore demurs to the same and says as grounds for his said demurrer as follows:" The first of the grounds is in substance that the cross-bill does not contain suffi-

cient averments upon which to base a divorce as prayed for, and is therefore wanting in equity.

The second ground is based on the fact that the cross-bill depends entirely on the allegations of the answer to the original bill for charges against the defendant C. Lyman Spencer of desertion, adultery, violent and ungovernable temper and extreme cruelty on which a divorce is sought by simply referring to the answer, without repeating its allegations or making the answer a part of the cross-bill.

The remaining grounds are based on the contention that neither the charges of the answer or cross-bill show good grounds for a divorce. It may be admitted that the frame of this cross-bill is a very unusual one, and its allegations may not be sufficient to sustain a decree of divorce; but the demurrer is addressed to the whole cross-bill, and the prayer for divorce is but one of several.

The cross-bill in addition to the prayer for divorce contains one for the care and custody of a minor child—one for suit money and alimony—one that C. Lyman Spencer may be decreed to specifically perform an agreement with reference to a mortgage—one for money to maintain complainant and her child and one for an injunction with reference to encumbering property. Some, if not all of these are supported by charges which prima facie present equities. Under these circumstances the Circuit Judge may very well have concluded that a demurrer addressed to the whole bill on the specific grounds mentioned should be overruled; for the rule in such cases is that if there be any equity in a bill, a demurrer addressed to the whole bill must be overruled. Johnson v. McKinnon, 45 Fla., 388, 34 South. Rep., 272; Hull v Burr, 58 Fla., 432, 50 South. Rep., 754, and cases cited. Under these circumstances it seems to us that the failure of the Circuit Judge to state

the grounds of demurrer which were overruled was harmless, as each ground was necessarily overruled. Tice v. Dickerson, 53 So., 645.

We find no error in the orders appealed from, and therefore the said orders and decrees are affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.