W. B. DOUGHERTY and FIRST BANK & TRUST COMPANY OF SARASOTA, a corporation, as trustees, *Appellants,* vs. COMMERCIAL COURT HOLDING COMPANY, a corporation, and H. J. HOELSTAD, *Appellees.*

140 So. 470.

Division B.

Opinion filed March 29, 1932.

Petition for rehearing denied April 20, 1932.

*Williams & Dart,* for Appellants;
*Randolph Calhoun,* for Appellees.

TERRELL, J.—This appeal is from an order denying a motion to strike a cross bill, the movant relying on the decision of this court in Ballard vs. Kennedy, 34 Fla. 483, 16 So. 327.

The function of a cross bill is to secure affirmative relief for the defendant in regard to the matter in controversy and to obtain a complete determination, among the parties, of all the elements of dispute involved in or connected with the suit. It is primarily a defense and must be restricted to matters of equity germane to or growing out of the original suit. Griffin vs. Fries, 23 Fla. 173, 2 So. 266, 10 R. C. L. 484.

The cross bill should be filed at the time the answer is filed or subsequent thereto but never before. It cannot be filed after the final decree. Ballard vs. Kennedy, 34 Fla. 483, 16 So. 327. Defensive matter purely in a cross bill is objectionable. It must contain averments sufficient to show ground for affirmative equitable cross relief. If it does not seek discovery on affirmative relief and sets up no defense other than would be available by answer it is insufficient. For these reasons it must be filed at the time of or subsequent to the answer.

A cross bill containing matters defensive and irrelevant may be stricken. Dismissal of the original bill carries with it the cross bill containing only defensive matter but the contrary rule applies if the cross bill

seeks affirmative relief. Ballard vs. Kennedy, supra; Spencer vs. Spencer, 59 Fla. 608, 52 So. 146.

It is contended by appellants that the cross bill should have been dismissed on authority of Ballard vs. Kennedy, supra, because it was not supported by the answer in the main cause.

We do not consider this case on a parity with Ballard vs. Kennedy. In that case, the cross bill was stricken because there were several defendants and all but one had failed to answer the original bill. There was consequently no cross bill except as to one defendant and as to that one, it was allowed to stand. In the case at bar, at least three answers had been filed and stricken for causes not necessary to relate, suffice it to say that the order refusing to strike the cross bill required the filing of another answer immediately.

This procedure was not illegal neither do we consider it an abuse of discretion. We would not pronounce the cross bill a model pleading but it contained allegations germane to and growing out of the main cause and should have been permitted to stand.

The decree appealed from is accordingly affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.