371 So.2d 1053 (1979)
John Michael POLAND, Appellant,
v.
Kenneth PHILLIPS and Goodwill Industries of South Florida, Inc., Appellees.
Nos. 78-931, 78-1209 and 78-1210.
District Court of Appeal of Florida, Third District.
May 29, 1979.
Rehearing Denied July 5, 1979.
*1054 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and R. Owen Ricker, Jr., Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellees.
Before PEARSON, HENDRY and HUBBART, JJ.
PER CURIAM.
Appellant John Michael Poland, a defendant in the trial court, was the lead underwriter for Lloyd's of London, the subscribing insurer to the certificate of insurance here in litigation. In this litigation, Poland represented the interest of that insurer. The judgment here appealed found that Kenneth Phillips, plaintiff in the trial court, and Goodwill Industries of South Florida, a co-defendant and cross-claimant, were entitled to recover under an insurance policy issued to defendant Goodwill Industries on a vacant warehouse in Dade County, Florida.
Two points are presented on appeal. The first urges that the trial judge erred in failing to direct a verdict for Poland against Phillips and Goodwill. The second urges that the trial court erred in failing to grant Poland's motion for a new trial or, alternatively, motion for remittitur.
The pleadings in this cause and the claimed rights of the parties are somewhat complex. As briefly stated as possible for a consideration of the issues, the facts and pleadings presented to the trial court are as follows.[1]
Preliminarily, it should be noted that the claimed rights of Goodwill arise out of an endorsement upon its existing policy and that the claimed rights of Phillips arise out of the same policy by reason of the trial court's holding that the policy should be reformed to add the name of I.R. Mayers, a court-appointed receiver. Phillips received an assignment of Mayers's rights.
In February of 1975, the circuit court had before it a foreclosure action on a vacant warehouse. In that proceeding, the court appointed a receiver for the warehouse property. The receiver had authority to rent the warehouse "... in order to obtain the necessary insurance to protect against damage or loss of the property during the pendency of the action." Mayers was the appointed receiver. He entered into a lease with Goodwill, who contacted Stevenson, an insurance agent, who in turn obtained permission from agents of the insuring group (Lloyd's of London, with John Poland as its lead underwriter) to add the warehouse to Goodwill's existing policy. A binder was issued. After communications between Mayers (the receiver) and Goodwill, Stevenson sent a memo to the insurers requesting that Mayers be added as an additional *1055 insured. In response to this request, the insurers added the property to Goodwill's master policy, but with regard to Mayers, they sent a memo simply stating:
"With reference to your letter of June 19th, the Company has asked for an explanation of the interest of Mr. I.R. Mayers as Receiver.
"They comment that if as it appears he is a Receiver in bankruptcy, they would wish to be relieved of all the liability immediately."
Stevenson contacted Goodwill for an explanation, in response to which Goodwill wrote Stevenson a letter on July 23, 1975, explaining that the property was involved in a foreclosure proceeding, not a bankruptcy proceeding, and that the property had been leased by Goodwill from Mayers, the court-appointed receiver. The letter further indicated that the foreclosure sale would be conducted shortly, that the receiver would "be out of the picture" at that point and that Goodwill wanted the insurance to continue on the property as long as it had an interest. Goodwill's letter was transmitted by Stevenson to the insurance agent as an enclosure to the following memorandum letter:
"With reference to your letter of July 10th, requesting information on Mr. I.R. Mayers[, e]nclosed you will find a letter from Mr. Gibbs of Goodwill Industries, which we trust will answer your questions concerning his interest. Thank you."
Following transmittal of this explanatory letter, Stevenson heard nothing further from the insurers. Goodwill also received no word that Mayers was not to be an additional insured under the policy.
On September 18, 1975, the building was substantially damaged by fire. The insurer denied coverage to Goodwill on the ground that the policy excluded coverage for an unoccupied building, and denied coverage to Phillips because his assignor, Mayers, was not an insured under the policy.
At the close of all the evidence, insofar as is relevant to this appeal, the trial court directed a verdict on liability in favor of plaintiff Phillips.[2] The court, sitting without a jury on Goodwill's equitable reformation claim, reformed the policy to add Mayers as an insured. Damages were set by the jury and judgment entered. Attorneys' fees were subsequently awarded to Goodwill and Phillips.
Appellant Poland's main thrust on this appeal is that under the facts in this case, neither Phillips nor Mayers, his predecessor in interest, were ever "insureds" under the certificate of insurance. It is, therefore, urged that the trial court improperly reformed the contract of the insurance to include Mayers as a named insured. It is true that neither Phillips nor his predecessors were named insureds on the face of the policy. Nevertheless, there was evidence before the trial court upon which it could validly exercise the equitable remedy of reformation of the insurance policy. Cf. the principles of law in Bevis Construction Co. v. Grace, 134 So.2d 516 (Fla. 1st DCA 1961); and Lighting Fixture & Electric Supply Co. v. Continental Insurance Co., 420 F.2d 1211 (5th Cir.1969). The evidence shows that Mayers relied upon the assurances to Goodwill by Stevenson, as agent of the insurers, that Mayers would be an insured under the policy. The fact that the insurance was being procured for Mayers, as the receiver of the property, was made known to Stevenson, the agent of the insurers, and the information was furnished by Stevenson to the insurers. The insurers' actions, in these circumstances, constituted an agreement to have Mayers as an additional insured on the policy. Cf. Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 So. 887 (1902); also cf. Home Insurance Company v. Drescher, 210 So.2d 451 (Fla. 3d DCA 1961).
Appellant argues that the issue of reformation was not properly tried because *1056 it was not presented as a prayer in the original complaint by Phillips. The argument is not valid because the issue was presented by the cross-claim of Goodwill Industries and was tried at the same time as the issues raised by the complaint were tried. The trial judge had a duty to decide the issue and, having decided the issue, to submit the cause to the jury after the reformation of the contract. See the considerations of law in Dougherty v. Commercial Court Holding Co., 104 Fla. 595, 140 So. 470 (1932).
Appellant's argument that recovery was barred by the vandalism and malicious mischief exclusions in the policy does not present error because it appears that the policy was issued on the building when it was vacant and with full knowledge that it was vacant. An insurance policy may not be issued on a vacant building and then be excluded from coverage because it is a vacant building. Cf. Mathews v. Ranger Insurance Company, 281 So.2d 345 (Fla. 1973); and Moore v. Connecticut General Life Insurance Company, 277 So.2d 839 (Fla. 3d DCA 1973). The exclusions relied upon each operates upon a premise that the building would not be insured if it were vacant.
We have considered the other points raised by the appellant and find that they do not present reversible error. A discussion of these points and the subpoints argued would unduly lengthen this opinion.
We do especially consider, however, the appellant's argument that attorneys' fees were improperly allowed to Phillips and Goodwill. With regard to Phillips, the amount of the attorneys' fees is not contested, but it is urged that Phillips may not recover because he is not a "named insured." Recovery of attorneys' fees is properly allowed by an assignee of a named insured who finds it necessary to resort to the courts in order to collect insurance proceeds due. See All Ways Reliable Building Maintenance, Inc. v. Moore, 261 So.2d 131 (Fla. 1972); and Federal Insurance Company v. Sarasohn & Co., Inc., 281 So.2d 408 (Fla. 3d DCA 1973). With regard to the attorney's fees allowed Goodwill, it is urged that they are excessive because Goodwill was allowed fees both for its prosecution of its cross-claim and for its defense of the action originally brought by Phillips. A review of the complicated pleadings in the cause reflects that the effort expended by Goodwill upon its cross-claim was, in effect, the same effort that was necessary to defend the action brought by Phillips. Goodwill incorporated the basic allegations of the complaint and asserted its own attempt to secure the insurance promised to Mayers and to have such insurance effected. These same proofs were the proofs necessary in order to support Goodwill's cross-claim for reformation which originally made possible the enforcement of the insurance in this matter. Accordingly, the final judgments are affirmed both with regard to the principal appeal and the appeal from the allowance of the attorneys' fees.
Affirmed.
NOTES
[1] These facts are related in the light most favorable to the plaintiff because the defendant-appellant argues a directed verdict should have been granted to the defendants.
[2] Poland's only point directed to this order urges that he should have received a directed verdict.