PER CURIAM.
Paul Brown appeals and the City of Jacksonville Beach cross-appeals an amended final judgment and second amended final judgment . entered in Brown’s breach of contract action against the appellees, the City and the Board of Trustees of the City of Jacksonville Beach Employees’ -Retirement System (the Board), relating to his pension benefits due as a result of his employment by the City. We affirm without comment the City’s cross-appeal seeking attorney’s fees. With one exception, we affirm all issues raised in Brown’s appeal. Specifically, we affirm the trial court’s determination that he was not entitled to additional pension benefits, that the City was entitled to reimbursement in the amount of $13,105.68 which it had overpaid Brown, and that the Board of Trustees of the City of Jacksonville Beach Employee’s Retirement System was entitled to reimbursement for the overpayment of pension benefits. However, we reverse the trial court’s ruling that the reimbursement awarded to the Board should not be offset by contributions to the pension plan made by or on behalf of Brown after April 23, 1991, Brown’s date of resignation as determined by the trial court. While Brown did not specifically plead offset, the Board in its counterclaim asked for a judgment in the amount of the excess pension benefits paid to Brown “offset by any employee contributions made by or on behalf of Brown during that period.” See, e.g., Poland v. Phillips, 371 So.2d 1053, 1055-56 (Fla. 3d DCA 1979)(is-sue not pled in complaint could be decided where it was presented by the cross-claim). Determining the amount of the offset is merely a matter of mathematics and was not a disputed issue which required evidence at trial.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ALLEN, VAN NORTWICK and POLSTON, JJ., CONCUR.