CHRISTINE JOHNSON, APPELLANT, VS. JOHN JOHNSON, APPELLEE.

1. A subpœna in chancery was served by a special deputy appointed by the Sheriff, and the return of service was made in the usual form in the name of the Sheriff by such deputy. It was objected that the proof of the service should have been by affidavit: *Held,* That the return is good, the justices participating in the decision differing in their reasons therefor.

2. A decree *pro confesso* cannot be taken under our equity practice for want of appearance of defendant on the return day of the subpœna, nor until the succeeding rule day, and then for want of plea, demurrer or answer.

3. A bill for divorce on the ground of violent and ungovernable temper, must allege something more than the words of the statute, stating facts from which the court can judge whether they constitute a case of the existence of such temper, and it should further allege that the indulgence of such temper was towards the complainant.

Appeal from the Circuit Court for Marion county.

Mr. Justice VanValkenburgh did not participate in the decision of this case.

The facts in the case are stated in the opinion.

*Bullock & Burford* for Appellant.

*McConnell & Ingram* for Appellee.

THE CHIEF-JUSTICE delivered the following opinion:

On the 8th day of June, 1886, appellee filed in the Circuit Court of Marion county a bill for divorce from appellant. The subpœna issued thereon was made returnable to the first Monday in July, 1886, and having been placed in the hands of the Sheriff for service, was by him turned over to F. S. Perrin, whom he appointed special deputy to make the service. Perrin made return of his action as follows: " Executed the within subpœna by delivering a true copy thereof to Christine Johnson, and at the same time showing her the original, on June 23d, A. D. 1886.

     ("Signed)            " E. T. WILLIAMS,
           "Sheriff Marion County, Florida,
              " By F. S. PERRIN,
                 " Special Deputy."

This return was filed in the Clerk's office July 3d, 1886, but was not sworn to. Two days afterwards, being rule day and the return day, the Clerk entered a decree *pro confesso*, because of failure of appellant " to appear, plead, answer or demur to the bill;" and on the 15th of the same month a final decree of divorce was rendered on an exparte hearing on bill, decree *pro confesso* and affidavits, purporting to be depositions.

The cause alleged for a divorce is, that appellant "hath and doth habitually indulge in a violent and ungovernable temper, so that appellee (your orator) can no longer enjoy or endure the marital relation with her." This is the whole cause, without any specification of acts, or any particular statement of conduct which would tend to verify the allegation.

Proceedings were had in the case subsequently on petition of appellant to have the decree set aside, and the re-

fusal of the Chancellor to set it aside is assigned here for error; but we deem it unnecessary to consider the questions raised by these proceedings, further than as they are presented by the appeal from the final decree, and as arising on the face of the proceedings prior to the rendering of that decree.

Its reversal is asked for. 1. Because it does not appear that the subpœna was properly served. This objection grows out of the fact that it does not appear that the person deputed by the Sheriff to serve it was sworn, and further that he did not accompany his return with an affidavit that it was served in conformity to law—such affidavit being required " when service of process is made by any person other than the sworn officer of the court whence it issued." McClellan, p. 153, §3. It appears from the record that Perrin was appointed "special deputy" to serve the subpœna, but whether sworn or not does not appear. On reference to our equity rule 14, there will be found, indirectly, a construction of the statute by this court in framing rules for equity practice, by which it is provided that the special appointment of some other person than the Sheriff or his deputy to serve process shall be by the court, and the rule requires that the person so appointed shall make affidavit of the service. From this the inference is, that where the Sheriff appoints a deputy and it does not otherwise appear, such deputy will be presumed to have been sworn, and may make his return without affidavit. The appointment of Perrin in this case was the appointment of a deputy, though special, by the Sheriff and not by the court as "some other person" than the Sheriff or his deputy; and hence his return did not require the affidavit. Under this view the service of the process is held good.

The second and third grounds assigned for error are, that the decree *pro confesso* and the final decree were rendered

before the time authorized by the Chancery Rules of Practice in this State. The statute (McClellan, p. 160, §26,) and Rules 44 and 45 founded thereon, provide (44) that the defendant shall file his plea, demurrer or answer on the rule day next succeeding that of entering his appearance, and that in default thereof the plaintiff may have a decree *pro confesso*, and thereupon the cause shall be proceeded in *ex parte*, and (45) that thereafter the court may render decree (final) at any time. In Lente vs. Clark, 22 Fla., '515, this court, construing rule 44, held that a decree *pro confesso* cannot be taken for want of appearance on the rule day to which the process is returnable, and cannot be taken till the next succeeding rule day, and then, not for want of appearance, but for want of plea, demurrer or answer. It results from this that the decree *pro confesso* should not have been entered till the rule day succeeding the return day; and results further that the final decree authorized by rule 45, after decree *pro confesso*, which in this case was granted before such succeeding rule day, was illegally granted.

The 4th ground for reversal is, that the allegation of indulgence of violent and ungovernable temper is a conclusion of law, without facts of any sort to support it, and the 5th, that this indulgence of temper is not alleged to be towards the appellee. It is undoubtedly the general rule that allegation of cause for divorce in the language of the statute, adding nothing from which the court can judge of the truth or probable truth of the allegation, is insufficient. The only exception we find is as to the allegation of " habitual intemperance," where it was held that " the charge of itself implies a persistent habit of becoming intoxicated from the use of strong drinks," and insufficient. Burns vs. Burns, 13 Fla., 369. We have no occasion now to express any dissent from this ruling, but confess ourselves at a loss to see why under a general allegation of this kind it might

not turn out on the evidence that the court would arrive at a different conclusion from the complainant making the allegation, and therefore why there should not be in the bill charges to support the general allegation the same as in other cases, in order that the court may determine before hand whether it is frivolous or not.

But there can be no reason for exception to the rule in the case of a charge of indulgence of violent and ungovernable temper ; and we think this settled in our State. Phelan vs. Phelan, 12 Fla., 449. In this case it is also held, and with good reason, that it must appear that such indulgence of temper was towards the party complaining, something that does not appear in the bill in this case, as will be seen from the language of the charge hereinbefore quoted. See also Crawford vs. Crawford, 17 Fla., 180. In the case of Burns vs. Burns, *supra*, in which there was also a charge relating to violence of temper the rule may seem to have been somewhat relaxed, but the court to avoid that found there were allegations of fact, other than the general charge, on which the bill as to this point could be held to be sufficient. So without referring to other authorities, we think the conclusion fully warranted, that in this State it is not sufficient that the bill before us should have stopped with an allegation for divorce in the language of the statute.

The decree of the Circuit Court is reversed and the case will be remanded for proceedings in accordance with this opinion, appellee to be allowed to amend his bill, in default of which it should be dismissed.

MR. JUSTICE RANEY delivered the following opinion :

The provision of Section 9 of the Act of November 7th,

1828, (Sec. 3, p. 150, McC.'s Digest,) to the effect that when service of a subpœna in chancery is made by any other person other than the sworn officer of the court, affidavit of the time and manner of service shall be made in the original subpœna, was not, in my judgment, intended to require an affidavit in proof of service when made by a Sheriff, whether made by himself in person, or through his deputy, either general or special. The return, when made in the form of the one before us, is the official return of the Sheriff, and the service done by a deputy is as much the Sheriff's official act as if done by himself. The requirement of proof by an affidavit was intended to apply in case the service was made by a private person, (Thebaut & Glazier vs. Canova, 11 Fla., 166,) and not under the authority and sanction of the Sheriff's office. By the Act of 1834, (Sec. 1, p. 61, T. D.,) it was provided that the Sheriff should have power to appoint a deputy or deputies, for whose acts he should be liable, and all acts done previously by individuals purporting to be deputies, and which would have been legal if done by the Sheriff in person, were declared to be as valid as if done by the Sheriff. There is nothing but a declaration of the common law in this statute, unless it be either that the "individuals purporting to be deputies," had not been appointed, or that they had done some act not performable by deputy. The Act of 1845, (Sec. 2, p. 937 of McC.'s Dig.,) organizing the Circuit Courts, makes it the duty of a Sheriff to execute "in person, or by his deputy," all process in his county. Rule 14 of the Chancery Rules of 1873 provides that the service of all process, mesne and final, shall be by the proper Sheriff, or his deputy, or by some other person specially appointed by the court for this purpose, and not otherwise, and that in the latter case the person serving the process shall make affidavit thereof "in conformity to law," and cites Thomp-

son's Digest, p. 451, which is the same as §3, p. 153 of Mc-C.'s Digest. This rule, as I understand it, is a modification of the requirement of the statutes as to service by a private person in so far as the provision that such person must be specially appointed by the court, and in making this modification the court exercised the authority conferred on it by the Act of 1868, §9, p. 343, McC.'s Dig. The rule clearly authorizes a service by a deputy, and its requirement of proof by affidavit does not extend to service so made, whether we regard the rule as merely declaratory of the statutes in so far as such service is concerned, or as a modification of them in such respect also, I think it was not necessary that the special deputy should have been sworn, and am sustained in this view by the case of Allen vs. Smith, 12 N. J., (Law) 159.