J. S. PRICE ET AL., APPELLANTS, VS. J. H. BODEN ET AL., APPELLEES.

1. After a decree *pro confesso* has been regularly entered against a defendant in a chancery cause he so far loses his standing in the court as not to be entitled to notice or hearing in the future proceedings.

2. It is not error to enter a final decree against a defendant under a default on the same day that the report of a master is filed, if the case is in a condition otherwise to be decreed.

3. While the proceedings after a decree *pro confesso* are *ex parte,* and the party in default not entitled to notice, or of right to be heard, the final decree is not one as of course according to the prayer of the bill, or as the complainant chooses to make it, but it should be made by the court according to what is proper to be decreed upon the statements of the bill assumed to be true.

4. In a bill filed to enforce a mechanic's lien under the statutes in force prior to the adoption of the Revised Statutes, no demand was made for attorney fees and no allegation in reference to such matter was contained in the bill, and after a decree *pro confesso* complainant obtained a decree for attorney fees: *Held*, Without considering whether attorney fees in any case on a bill to enforce a mechanic's lien under the statute then in force could be allowed, that the allowance of the fee on the bill in this case was erroneous.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*A. H. King* and *Walker and L'Engle*, for Appellants.

No appearance for Appellees.

MABRY, J.:

In December, 1891, appellee, J. H. Boden, filed a bill to enforce a mechanic's lien on a certain building and lot against J. S. Price, Thomas L. Allen, Silas Brady, R. A. Burge and S. O. King, trustees of the Methodist Episcopal Church, Riverside, Anna E. Keeler, and R. B. Archibald, president of the board of trustees of St. Luke's Hospital.

The case stated in the bill is that complainant, Boden, in pursuance of an agreement with the church trustees named, commenced to furnish materials and erect a church building on lot one (1), block thirty-seven (37), Riverside, and completed the building on the 6th day of August, 1891, when it was turned over to said trustees. That the trustees paid complainant part on said building, and on August 20, 1891, there remained due thereon the sum of $340.46, for which he

held a lien.   It is also alleged that complainant filed a notice of lien on the 20th day of August, 1891, in the clerk's office for Duval county.   The bill further alleges that on the first day of May, and the 21st, day of August, 1891, mortgages were executed by the church trustees to Anna E. Keeler, and R. B. Archibald, president of the board of trustees of St. Luke's Hospital, for sums stated due each respectively, but that complainant's lien was prior and superior to said mortgages.   The prayer is, that the court ascertain what was due from the trustees to complainant; that it be declared a superior lien to that of the mortgages, and, in default of payment, the property be sold, and out of the proceeds there be paid the costs and expenses of the suit, the sum found to be due complainant, and the remainder, if any, be paid into the registry of the court.

Decree *pro confesso* was entered as to the trustees of the church, and the other defendants, mortgagees, filed answers and cross-bills.   It is made to appear from a decree *pro confesso* signed by the judge that exceptions to the answers were sustained, and defendants failing to further answer as required, the bill was taken as confessed as to them.   It further appears that a master made a report showing the amount due complainant, and also a sum to be allowed as an attorney's fee, and this report was confirmed and a decree entered declaring complainant's lien superior to the mortgages, and ordering the sale of the property by a master to pay the same, including the attorney fee. On motion this decree and the reference upon which it was based were set aside as being prematurely made, and a further decree made reciting that the original and cross-bills came on to be heard upon exhibits, an-

swers and decrees *pro confesso*, and adjudging that
complainant had a lien prior to the lien of the mort-
gages, and also adjusting the priority of the latter. In
this decree a reference was made to a master to state
what was due complainant and each of the mortga-
gees, including attorney fees. The master reported on
the 21st of June, 1892, and this report was confirmed,
and on the same day a decree was entered directing
the master to sell the property and pay the claims of
complainant and the mortgagees in the order allowed.
Under this decree the master sold the property to one
of the mortgagees, R. B. Archibald, and disbursed the
proceeds as directed by the court. The report of the
sale was confirmed August 6, 1892, and, it appearing
that the proceeds from the same was not sufficient to
pay costs and attorney fees and the amounts found
due all the parties, deficiency judgments were entered
against J. S. Price, Thomas L. Allen, Silas Brady,
Robert A. Burge and S. O. King, in favor of Anna E.
Keeler, for $401.04, and in favor of R. B. Archibald,
president of the board of trustees of St. Luke's Hos-
pital, for $717.17.

On the 31st of August, same year, Price, Allen,
King, Brady and Burge presented a petition for re-
hearing on the decree made August 6, 1892, and this
being denied they entered an appeal.

It is apparent that all of the proceedings in the lower
court have not been incorporated into the transcript,
but as sufficient appears to present the errors assigned
and relied on, they have been duly considered.

It is assigned as error and insisted here that the de-
cree of June 21, 1892, was improperly made on the day
that the master's report was filed, and that under the
rule appellants had one month from the filing of the

report to interpose exceptions thereto. The decree of June 21, 1892, was based upon the report of the master under the reference on both the original and cross-bills, and directed a sale of the property to pay the mechanic's lien adjudged in favor of complainant in the original bill, and the mortgages foreclosed in favor of complainants in the cross-bills, adjusting at the same time the priority of such liens. The property was sold under this decree, and the sale affirmed. It appears from the record that appellants were under decrees *pro confesso* on both the original and cross-bills when the decree of June 21 was made, and the rule expressly provides that the cause shall be proceeded in *ex parte*, and the matter of the bill may be decreed by the court at any time, if the same can be done without an answer, and is proper to be decreed. In entering the decrees *pro confesso* against appellants no permission was given to them to be heard in the future progress of the cause, if such permission should be given in any case under our rule, and they lost their standing in the court to such an extent as not to be entitled to notice or hearing in the future proceedings. Our rule is similar to the one adopted by the Supreme Court of the United States, and the construction indicated above is sustained by our previous decisions, and also by adjudications of the Supreme Court of the United States. Hart vs. Stribling, 21 Fla. 136; Garvin vs. Watkins, 29 Fla. 151, 10 South. Rep. 818; Lenfesty vs. Coe, 34 Fla. 363, 16 South. Rep. 277; Frow vs. De La Vega, 15 Wall. 552; Masterson vs. Howard, 18 Wall. 99; O'Hara vs. MacConnell, 93 U. S. 150; Thomson vs. Wooster, 114 U. S. 104, 5 Sup. Ct. Rep. 788; Ohio Central R. R. Co. vs. Central Trust Co., 133 U. S. 83, 10 Sup. Ct. Rep. 235.

Under our rule it would be error to proceed to final decree where a defendant is not in default before the expiration of the time allowed for filing exceptions to the report of a master (Adams vs. Fry, 29 Fla. 318, 10 South. Rep. 559; Ballard vs. Lippman Bros., 32 Fla. 481, 14 South. Rep. 154); but the appellants were under a default in the present case, and the objections which they now urge can not be sustained.

We discover no reversible error or ground for modifying the final decree of sale and subsequent orders appealed from on the errors assigned, except the allowance of seventy-five dollars attorney fee for enforcing the mechanic's lien in favor of J. H. Boden. While the proceedings after a decree *pro confesso* are *ex parte*, and the party in default is not entitled to notice, or, of right, to be heard, yet the final decree must be proper and based upon the allegations of the bill. As announced in the case of Thomson vs. Wooster, *supra*, a decree is not a decree as of course according to the prayer of the bill, nor as the complainant chooses to make it; but it should be made by the court according to what is proper to be decreed upon the statements of the bill, assumed to be true. In the bill filed by appellee, Boden, to enforce his lien there is no claim for attorney fees, and no allegation for such a demand against appellants. Under the default on the allegations of this bill the allowance of an attorney fee was, in our judgment, improper, and should not have been allowed. We do not consider whether it was legal to allow attorney fees in any case on a bill to enforce a mechanic's lien under the statute in force when this case arose, as the conclusion reached would follow, should it be conceded that such fees could be allowed on proper allegations and showing.

The decrees allowing the attorney fee mentioned will be modified to this extent, and the decree affirming the sale and awarding deficiency judgments will be affirmed with modification, that the lower court apply the sum allowed as an attorney fee to Boden to the proper deficiency judgments against appellants. The costs of this appeal will be paid by appellees.