WILEY B. LYLE AND NANCY A. LYLE, APPELLANTS, VS.
BERTHA L. WINN AND ALF. W. WINN, APPELLEES.

1. It is an established rule of chancery practice, and of pleading
and practice generally, that the allegata and probata must
correspond. However full and convincing may be the
proof as to any essential fact, unless the fact is averred,
proof alone is insufficient. All the evidence offered in a
case should correspond with the allegations and be con-
fined to the issues. Tate v. Pensacola, Gulf, Land &
Devel. Co., 37 Fla. 439, 20 South. Rep. 452, approved and
followed.

2. In a bill for the foreclosure of a mortgage, wherein no claim

for attorney's or solicitor's fees was set up, no allegation made that any such fees had been incurred by complainants or that they had been put to any cost or expense in the employment of an attorney for the foreclosure of the mortgage, no prayer therefor, and neither the note nor the mortgage contained any stipulation whatever for the payment of such fees, it was error to allow such fees in the decree.

3. While the proceedings after a decree pro confesso are ex parte, and the party in default is not entitled to notice, or, of right, to be heard, yet the final decree must be proper and based upon the allegations in the bill. It was error to give the complainants more than they asked in and showed by their bill that they were entitled to. Price v. Boden, 39 Fla. 218, 22 South. Rep. 657, approved and followed.

4. Where it appears from the decree itself that a portion of the amount reported to be due by the master is "tainted with usury," the same being admitted by complainants., it was error to allow any sum whatever for interest, Chapter 4022 laws of Florida, acts of 1891, providing that "only the actual principle sum of such usurious contracts can be enforced either at law or in equity." ·

This case was decided by Division A.

Appeal from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Jefferson Varn,* for Appellants.

*G. A. Hanson,* for Appellees.

SHACKLEFORD, J.

On the twenty-second day of February, A. D. 1899, appellees filed their bill in chancery in the Circuit Court of Polk county against appellants, praying for the foreclosure of a mortgage upon certain lands described therein. A demurrer was interposed by appellants, which was overruled, and later on a decree *pro confesso* was entered against appellants and an order made referring the case to a master. On the first day of June, 1899, said master made his report, reciting therein that he found due from appellants to appellees $1,150 for principal, $79.80 for interest, $100 for a reasonable attorney's fee and $13.91 for court costs. On the 23rd day of June, 1899, the chancellor below entered a decree confirming the master's report, but reciting therein that "it appearing to the court that the complainant, by her admission, is only entitled to $1,290.31 of the amount reported by the master, the remainder being error and tainted with usury, is not and never was claimed by the complainant, and she having by her solicitor entered a disclaimer and remittitur as to said amount, it is therefore ordered, adjudged and decreed by the court that the complainant do have and recover of and from the defendant, Wiley B. Lyle, the sum of twelve hundred and ninety and 31-100 dollars, being the sum due her on said note, together with the costs and expenses incurred by her in the collection of the amount due on said note, as stipulated therein," and, in default of the payment of the amount so found to be due by the first day of July, 1889, decreeing and ordering the mortgaged premises sold.

Appellants seek a reversal in this court and assign as errors, first, the court below erred in overruling the de-

fendant's demurrer to the bill of complaint; second, the court below erred in confirming that part of the master's report wherein complainants were allowed $100 solicitor's fees; third, the court below erred in decreeing an excessive sum to be paid by the defendants to the complainants under the guise of solicitor's fees, in the absence of any stipulation in the note or mortgage therefor, and without any prayer in the bill of complaint for such solicitor's fees.

A discussion of these errors in detail would be profitless. We, therefore, content ourselves by saying that we have carefully considered them all and have reached the following conclusion: No error was committed in overruling the demurrer to the bill. However, the chancellor did commit error in allowing an attorney's or solicitor's fee of $100, for the reason that neither the note nor mortgage contains any stipulation whatever for the payment of such fees, and the bill contains no prayer therefor. It is true that the mortgage contains a provision for the payment of all costs, charges and expenses which the mortgagee "may incur or be put to in collecting by foreclosure," but it is not alleged in the bill that any attorney's fees had been incurred or that complainants had been put to any cost or expense in the employment of an attorney for the foreclosure of the mortgage. As was said in Adams v. Payson, 11 Ill. 26, "no claim for that fee is set up in the bill, and the defendant had no opportunity of defending that claim. The court could not give the complainant more than he asked, and showed, by his bill, that he was entitled to." Also see Augustine v. Doud, 1 Ill. App. 588; Lee v. McCarthy, decided by the Supreme Court of California in 1894, but not reported, 35 Pac. Rep. 1034; 9 Ency. Pl. & Pr. 448. As was said in

Tate v. Pensacola, Gulf, Land & Development Co., 37 Fla. 439, 20 South. Rep. 542, 11th headnote, "it is an established rule of chancery practice, and of pleading and practice generally, that the *allegata* and *probata* must correspond.   However full and convincing may be the proof as to any essential fact, unless the fact is averred, proof alone is insufficient.   All the evidence offered in a case should correspond with the allegations and be confined to the issues."   Also in Price v. Boden, 39 Fla. 218, text 223, 22 South. Rep. 657, it was said by this court, "while the proceedings after a decree *pro confesso* are *ex parte,* and the party in default is not entitled to notice, or, of right, to be heard, yet the final decree must be proper and based upon the allegations of the bill.   As announced in the case of Thomson v. Wooster, 114 U. S. 104, 5 Sup. Ct. Rep. 788, a decree is not a decree as of course according to the prayer of the bill, nor   as the   complainant chooses to make it; but it should be made by the court according to what is proper to be decreed upon the statements of the bill, assumed to be true.   In the bill filed by appellee, Boden, to enforce his lien there is no claim for attorney fees, and no allegation for such a demand against appellants.   Under the default on the allegations of this bill the allowance of an' attorney fee was, in our judgment, improper, and should not have been allowed. We do not consider whether it was legal to allow attorney fees in any case on a bill to enforce a mechanic's lien under the statute in force when this case arose, as the conclusion reached would follow, should it be conceded that such fees could be allowed on   proper   allegations and showing."   For the like reason we do not consider whether or not the words "all costs, charges and expenses the party of the second part may incur or be put

to in collecting by foreclosure," are sufficiently broad and comprehensive to warrant the allowance of an attorney's or solicitor's fee upon proper allegations in the bill and proof to support the same.

It also appears from the decree itself that a portion of the amount reported to be due by the master was "error and tainted with usury," the same being admitted by complainant, not claimed by her and a remittitur entered by her solicitor. However, as to what amount was so "tainted with usury," and for which a remittitur was entered, does not appear from the transcript and we are not informed. Be that as it may, it was error to recite in the decree that the master's report was "in all things confirmed," and it was also error to allow any sum whatever for interest. Chapter 4022 laws of Florida, acts of 1891, known as our usury statute, provides for the forfeiture of the *entire interest* and that "only the actual principal sum of such usurious contracts can be enforced either at law or in equity." See Maxwell v. Jacksonville Loan & Imp. Co., decided at the present term. While this point is not argued in the case at bar, yet it appears upon the face of the decree and we can not ignore it.

From what has been said it follows that the decree appealed from must be reversed, with directions to enter a decree in its stead in favor of the complainants and against the defendants for the sum of $1,150 for principal and $13.91 for court costs, omitting therefrom any and all sums for interest and attorney's fees. The costs of this appeal will be paid by the appellees.