ROBERT O. HANCOCK, *Appellant,* v. LEAH M. HANCOCK, *Appellee.*

1. Although upon its face the complainant and defendant only in a suit for divorce are parties thereto, the government in a sense is also a party, whose duty it is to see that the public morals and the welfare of the entire community are protect-

ed, and the rights of this third party should never be forgotten by the court.

2. The law has wisely enjoined upon courts the duty of watching over divorce proceedings with the closest scrutiny and interposing to prevent abuses of the delicate and responsible power confided to them to dissolve the marriage contract. What shall be deemed sufficient cause of divorce must ever be a matter of law, and it is a duty of the court to refuse a decree unless satisfied of the sufficiency of the allegations as also the truth of the evidence to establish one of the statutory grounds for divorce.

3. It is incumbent upon a complaint to allege in his bill every fact clearly and definitely that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein, as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. The facts and circumstances upon which a complainant bases his claim and right to relief which he seeks are matters peculiarly within his own knowledge, and he will be presumed to have stated them as strongly and favorably to himself as he could, exercising his privilege of selecting his own language in which to couch them.

4. In a suit for divorce no decree can be made without proof of the allegations of the bill; and, even if the defendant fails to appear, the courts are nevertheless bound to proceed with the same formality as if he were present and maintaining the keenest opposition, hence the entry of a decree *pro confesso* in such a suit amounts to but little. When the bill is so defective as to fail in setting out a legal cause for divorce, no amount of evidence will warrant a decree upon it.

5. In a suit for divorce, where a decree *pro confesso* has been entered against the defendant and the complainant applies to the court for an order of reference to a Master in Chancery for the purpose of taking testimony, if the bill fails to contain sufficient allegations, which if established by competent testimony would warrant a decree, no error is committed by the court in refusing to grant such order, and in rendering a decree dismissing the bill.

6. It is not the policy of the law to grant divorces for post-

nuptial causes short of marital infidelity when such causes do not in fact render one of the parties incapable of performing the duties incident to the marriage status.    Relief is given in such cases by the courts on the ground that the conduct of one party renders it impracticable for the other party to perform the marital duties.

7. Divorce on the ground of extreme cruelty will be denied, where there is no actual violence, unless the treatment, or abuse, or neglect, or bad conduct complained of be such as damages health, or renders cohabitation intolerable or unsafe, or unless there are threats of mistreatment of such flagrant kind as to cause reasonable and abiding apprehension of bodily violence, so as to render it impracticable to discharge marital duties. The general charge of cruel and inhuman treatment is not sufficient, when the facts and details specified as constituting the charge fall short of sustaining it.

8. Mere indiscreet or imprudent conduct and relations with young men on the part of a married woman, all embraced under the general term "flirting," is not cause for divorce.

This case was decided by Division A.

Appeal from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Avery & Avery,* for appellant;

No appearance for appellee.

SHACKLEFORD, C. J.—On the 23rd day of May, 1907, the appellant filed his bill in chancery in the circuit court for Escambia county against the appellee, in which he sought a divorce. The bill alleges that the appellant and appellee were married in Kansas City, Missouri, on the 21st day of December, 1904, and the statutory

ground upon which the divorce is sought is extreme cruelty. The specific allegations in regard to such extreme cruelty are as follows:

"That, the acts of the defendant constituting the said extreme cruelty have consisted in her having from time to time and frequently during the past year and a half, at Pensacola, in the state of Florida, Beaumont, in the state of Texas, and Boydton, in the state of Virginia, entered into relations of the utmost intimacy with young men, such relations consisting of love-making and secret meetings, and correspondence; and your orator has reason to believe, and does believe, and so alleges that such intercourse was not pure and was in violation of the moral standards which should govern married people in their intercourse with others of the opposite sex; but your orator refrains from making any charge of actual criminality, because he has no evidence thereof other than the fact that the rules of society which have for their purpose the protection of female virtue having been violated by clandestine meetings and secret correspondence, as aforesaid.

That, the acts aforesaid, of the defendant, have been against the protests of your orator and in spite of his efforts to prevent and terminate them, and that their occurrence and continuance have preyed upon your orator's mind, disturbed his peace and have so affected him, in spite of his efforts to withstand them, that his health is impaired, and unless he can forever get rid of the situation in which he is placed, as aforesaid, by a dissolution of the bonds of matrimony between him and the defendant, his bodily health will be impaired and his life made utterly and permanently miserable."

The defendant was alleged to reside at Superior, Wisconsin, and service was effected on her by publication. She failed to enter any appearance or to file any

plea, answer or demurrer, and a decree *pro confesso* was entered against her by the clerk of such circuit court, on the Rule day in August, 1907.

On the 7th day of October, 1907, the following decree was rendered:

This case coming on to be heard upon application for appointment of a master to take testimony, and the court having read the bill of complaint, and being of the opinion that the allegations thereof do not present a case which entitles complainant to a decree, declines to appoint a special master.

It is further ordered, adjudged and decreed that said bill of complaint be and the same is hereby dismissed.

Thus done and ordered this 7th day of October. A. D. 1907, at DeFuniak, Florida."

From this decree the complainant has entered an appeal to this court, seeking a reversal thereof. The appellee has not appeared in this court, nor have we been favored with any brief in her behalf.

As was well said by Mr. Justice Wescott in his concurring opinion in Underwood v. Underwood, 12 Fla. 434, text 443; "It has been properly remarked that a divorce suit may be regarded as a civil suit between three distinct parties, the government, the plaintiff and defendant. It is the office of the government to protect the interests of the public, the welfare of the entire community whose interests are involved, and to see that public morals are protected; and the rights of this party should never be forgotten by the court." Also see to the same effect 7 Ency. of Pl. & Pr. 120, and authorities cited in note 6; 14 Cyc. 577 and authorities cited in note 36; 2 Bishop's Marriage, Divorce and Separation, sections 480, 489 and 491.

As was said in Moore v. Moore, 22 Texas 237, text 239: "The law has wisely enjoined upon the courts,

the duty of watching over these proceedings with the greatest scrutiny, and interposing to prevent abuses of the delicate and responsible power confided to them, tc dissolve the marriage contract.   What shall be deemed sufficient cause of divorce, must ever be matter of law; and the law has made it the duty of the judge to refuse a decree, unless satisfied of the truth and sufficiency of the evidence, by which those causes are established."

It is settled law here that it is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein, as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.   Knight, Norman & Co. v. The J. C. Turner Cypress Lumber Co., decided here at the present term, and authorities there cited.   The facts and circumstances upon which a complainant bases his claim and right to the relief which he seeks are matters peculiarly within his own knowledge and he will be presumed to have stated them as strongly and favorably to himself as he could, exercising his privilege of selecting his own language in which to couch them.   See discussion and citations of authority in concurring opinion in Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 174 *et seq*,. 42 South. Rep. 529, text 532, and Anderson v. Northrop, 30 Fla. 612, text 652, 12 South. Rep. 318, text 328.   It would seem that this principle would be peculiarly and especially applicable in suits for divorce, by reasons of the interest the government has therein and the duty cast upon the courts to protect the interests of the public, as we have already seen.

It is also settled law here that the *allegata* and *probata* must reciprocally meet and correspond, the issues being made by the pleadings, to which the proof must

be confined. Knight, Norman & Co. v. The J. C. Turner Cypress Lumber Co., *supra,* and authorities there cited. As was held in City of Orlando v. Equitable Building and Loan Association, 45 Fla. 507, 33 South. Rep. 986, "Even after a decree *pro confesso,* relief must be granted only as to the case made by the bill, and if the bill makes no case for equitable relief no decree ought to be entered thereon for complainant." Also see Price v. Boden, 39 Fla. 218, 22 South. Rep. 657, and authorities there cited; Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158; Megin v. Filor, 4 Fla. 203; Phelan v. Phelan, 12 Fla. 449; Hart v. Stribling, 21 Fla. 136; Keil v. West, 21 Fla. 508, text 520; Prentiss v. Paisley, 25 Fla. 927, 7 South. Rep. 56, S. C. 7 L. R. A. 640. As was said in Keil v. West, supra, "Suffering a decree *pro confesso* is an admission of the facts which are well pleaded, but the decree does not aid or supplement a bill which does not state a good cause of action."

If these principles are applicable in all suits in equity, they are especially so in suits for divorce, by reason of the fact that the government is a party thereto, as we have already seen. As was quoted and approved in Moore v. Moore, 22 Texas 237, text 239: "The remedy of divorce is, at best, but a mournful remedy; and it is one which the law will dispense with an unwilling hand. This is manifest from the principle which runs through the whole proceedings, in the process of divorce. A jealous anxiety to disregard every admission, marks every step. Hence, no judgment passes by default, without proof; and if the defendant declines to appear, the courts are nevertheless bound to proceed with the same formality, as if he were present, and had maintained the keenest opposition." Also see 2 Bishop's Marriage, Divorce and Separation, section 692, and 14 Cyc. 703. As was said in Phelan v. Phelan, 12 Fla. 449,

text 453: "A decree *pro confesso* results from a default in pleading. What *its effect may be in other cases* it is needless to inquire here, but defaults in cases of this character amount to but little."

The following headnote from Johnson v. Johnson, 4 Wis. 135, is quoted in that case and approved, "When the bill is so defective as to fail in setting out a legal cause for divorce, no amount of evidence, nor the verdict of a jury, will warrant a decree upon it." Gredler v. Gredler, 36 Fla. 372, 18 South. Rep. 762.

This being true, if the bill in the instant case fails to contain sufficient allegations, which if established by competent testimony would warrant a decree for divorce, to have referred the matter to a master in chancery for the purpose of taking testimony would have been fruitless, simply entailing useless expense. In that event the court would be fully warranted in rendering a decree dismissing the bill, as was done.

The sole ground alleged and relied upon by the complainant in the instant case is extreme cruelty, the suit being based on paragraph 4 of section 1906 of the General Statutes of 1906. Extreme cruelty has been a ground for divorce in Florida since territorial days, forming part of the act of October 31, 1828, which was repealed by an act passed November 3, 1829, but the former act was expressly revived by chapter 849 of the laws of 1835. See section 2 on page 83 of Duval's Compilation and section 8 on page 223 of Thompson's Digest. We have a line of decisions dealing with extreme cruelty as a ground for divorce, in which the term is defined and the sufficiency of the allegations in the bill relating thereto is treated. See concurring opinion of Mr. Justice WESTCOTT in Underwood v. Underwood, 12 Fla. 434, text 440; Burns v. Burns, 13 Fla. 369; Donald v. Donald, 21 Fla. 571; Williams v. Williams, 23 Fla. 324, 2 South. Rep.

768; Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864; Beekman v. Beekman, 53 Fla. 858, 43 South. Rep. 923. The following cases will also prove helpful, though they deal more directly with the ground of habitual indulgence by the defendant in violent and ungovernable temper than with the ground of extreme cruelty: Phelan v. Phelan, 12 Fla. 449; Crawford v. Crawford, 17 Fla. 180; Johnson v. Johnson, 23 Fla. 413, 2 South. Rep. 834; Dean v. Dean, 36 Fla. 492, 18 South. Rep. 592; Hickson v. Hickson, decided here at the last term.

Mr. Justice WESTCOTT in his concurring opinion in Underwood v. Underwood, 12 Fla. 434, text 440, quotes with approval the following language of Lord Stowell in Evans v. Evans, 1 Hag. 35:

"What merely wounds the mental feelings is in few cases to be admitted, where not accompanied with bodily injury, either actual or menaced. Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accommodation, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty. They are high moral offenses in the marriage state, undoubtedly, not innocent surely in any state of life, but still they are not that cruelty against which the law can relieve. Under such misconduct of either of the parties, for it may exist on one side as well as the other, the suffering party must bear in some degree the consequences of an injudicious connection, must subdue by decent resistance or prudent conciliation, and if this cannot be done both must suffer in silence."

This doctrine has been consistently adhered to by this court, as a reference to the foregoing cited decisions will show. See especially Palmer v. Palmer, *supra;* Beekman v. Beekman, *supra;* Hickson v. Hickson, *supra.* As was said in the last cited case, "it is not the policy of the law

to grant divorces for post-nuptial causes short of marital infidelity when such causes do not in fact render one of the parties incapable of performing the duties incident to the marriage status.    Relief is given in such cases by the courts on the ground that the conduct of one party renders it impracticable for one of the parties to further perform the martial duties."    As was held in Palmer v. Palmer, *supra,* "Divorce on the ground of extreme cruelty will be denied, where there is no actual violence, unless the treatment, or abuse, or neglect, or bad conduct complained of be such as damages health, or renders cohabitation intolerable and unsafe, or unless there are threats of mistreatment of such flagrant kind as to cause reasonable and abiding apprehension of bodily violence, so as to render it impracticable to discharge marital duties."    This language was quoted and approved in Beekman v. Beekman, *supra.*

As was held in Johnson v. Johnson, 4 Wis. 135, which language is quoted and approved in Phelan v. Phelan, 12 Fla. 449, text 453, "the general charge of 'cruel and inhuman treatment,' is not sufficient, when the facts and details specified as constituting the charge, fall short of sustaining it."    Also see Crawford v. Crawford, 17 Fla. 180, and Johnson v. Johnson, 23 Fla. 413, 2 South. Rep. 834.    This is in line with the well established principle that in all bills in equity facts must be stated and not opinions or legal conclusions.    Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, and authorities there cited. For obvious reasons this principle is especially applicable to bills for divorce.

We turn now to the allegations in the bill upon which the complainant relies and test them by the application of the foregoing principles.    Stripping such allegations of insinuations, intimations and innuendos, they simply charge the defendant in the most general way with indis-

44

creet and imprudent conduct and relations with young men, all of which might well be embraced under the well known term, "flirting." However reprehensible such conduct may be in a married woman, it does not constitute one of the statutory grounds for divorce in this state.] We are of the opinion that the bill is wanting in equity in that it fails to make or state a case entitling the complainant to the relief sought, or to any relief, even if he had proved all the material allegations therein.

It follows that no error was committed in dismissing the bill, and that the decree appealed from must be affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.