WILLIAM C. BRATTON, *Appellant,* v. LOUISA J. C. BRATTON, *Appellee.*

1. Where a demurrer is interposed to the whole bill, but the grounds thereof consist of objections applicable only to specific parts of the bill, such demurrer is properly overruled, provided the bill states any case for relief in a court of equity.

2. In a suit for divorce upon the statutory grounds of desertion and extreme cruelty, in order to warrant a decree for the complainant it is essential that the allegations and proofs should meet and correspond, as in other suits in equity. Where the proofs adduced fail to support such allegations, in accordance with the requirements enunciated by the appellate court in its decisions, a decree awarding divorce will be reversed.

This case was decided by Division A.

Appealed from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Chas. T. Curry* and *E. F. Wilson,* for Appellant;

*F. M. Simonton,* for Appellee.

SHACKLEFORD, J.—On the 28th day of February, 1910, the appellee filed her bill in chancery against the appellant, wherein she sought a divorce, alimony and counsel fees. The only ground alleged therein for divorce was desertion. The cause was referred to a special master to take testimony as to the necessities of the complainant and the faculties of the defendant. Arendall v. Arendall, 61 Fla. 496, 54 South. Rep. 957. Such special master re-

ported the testimony so taken before him and stated that he found therefrom that the defendant was not able to pay alimony or counsel fees. The complainant filed exceptions to the report, which were overruled and the report confirmed. Thereupon, by leave of court, the complainant filed "an amended and supplemental bill," wherein she sought the same relief for which she had prayed in her original bill, basing her right to relief upon the ground of desertion for the statutory period, as in her original bill, and upon the additional ground of extreme cruelty. The defendant interposed a demurrer to the bill, which was overruled, whereupon he filed an answer in which he denied practically all the material allegations of the bill. A general replication was filed and the cause then referred to a master in chancery to take and report the testimony of the respective parties litigant. Quite a volume of testimony was so taken and the cause came on for a final hearing, which resulted in the rendering of a final decree by which the complainant was granted an absolute divorce and certain other relief which it is not necessary to specify.

From this decree the defendant has entered his appeal to this court, assigning five errors, all of which question the propriety of the decree, but we do not set forth such assignments, as we do not deem it advisable to discuss them in detail. We also refrain from setting out the pleadings or discussing the evidence at length, for the reason that we see no useful purpose to be accomplished by so doing. The desertion of the complainant by the defendant for the requisite statutory period is clearly and positively alleged, therefore the demurrer, which was to the whole bill, was properly overruled. "Grounds of demurrer to a bill in equity which seek to have the court hold the whole bill bad for objections applicable only to parts thereof,

are properly overruled." City of Orlando v. Equitable Building & Loan Association, 45 Fla. 507, 33 South. Rep. 986. Also see Roberts v. Cypress Lake Naval Stores Co., 58 Fla. 514, 50 South. Rep. 678; City of Miami v. Shutts, 59 Fla. 462, 51 South. Rep. 929; Spencer v. Spencer, 61 Fla. 777, 55 South. Rep. 71. When we come to examine the proofs adduced we find that she signally failed to sustain the charge of desertion. In fact, the complainant's own testimony would suffice to defeat her on this score. If entitled to a divorce at all, it must have been upon the ground of extreme cruelty, and we now turn to the consideration of the allegations upon such ground in the bill and the testimony relating thereto We had occasion to consider at length in the case of Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020, 15 L. R. A. (N. S.) 670, the framing of bills generally in suits for divorce, and more especially when extreme cruelty was the ground upon which such relief was sought, and we do not feel called upon to repeat what we said there. The prior decisions of this court will also be found cited therein. We would also refer to the following subsequent decisions: Wetherington v. Wetherington, 57 Fla. 551, 49 South. Rep. 549, and Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867, 26 L. R. A. (N. S.) 577. We find that the bill contains a general charge of extreme cruelty and specifies certain instances, with more or less details. Measured by the principles laid down in the cases cited above, it may well be open to doubt whether the allegations as set forth in the bill sufficiently comply with such enunciated principles. Be that as it may, we are clear that the evidence adduced does not sufficiently establish such allegations to warrant the decree. Testimony was also introduced by the complainant seeking to establish other instances of cruelty by the defendant than those charged in the bill.

This cannot avail. In suits for divorce, as in other suits in equity, the *allegata* and *probata* must meet and correspond. See the reasoning in Hancock v. Hancock *Supra,* Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158, and Pinney v. Penney, 46 Fla. 559, 35 South. Rep. 95.

We observe that most of the specific instances of the alleged cruelty occurred after the filing of the original bill, in which, as we have previously said, the sole ground upon which the divorce was sought was desertion. The proofs show that the complainant inherited property from her father of the value of something like $25,000.00, and all the marital troubles would seem to have arisen subsequent to such inheritance. This inheritance would seem to have furnished the bone of contention and been the basis for all the dissentions between the complainant and defendant. Their marriage took place on or about the 3rd day of December, 1867, and at the time the suit was instituted the defendant, according to the testimony of the complainant, was about 62 years of age and she was fifteen months his senior. It is a most regrettable controversy. A careful reading of the pleadings and the testimony constrains us to the conclusion that the decree was not warranted. Applying the principles laid down in Hancock v. Hancock *supra,* and in the other cases cited, we are clear that the charge of extreme cruelty has not been sustained. It follows that the final decree appealed from must be reversed, and it is so ordered and the cause remanded with directions to dismiss the complainant's bill.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.