PARKS, Associate Justice
(dissenting).
This is an appeal from a final decree dismissing with prejudice the husband's complaint- as amended in a suit for divorce against his wife charging in the original bill the ground of desertion and by amend'ment the ground of habitual indulgence in violent and ungovernable temper toward him. The complaint was filed October 6, 1952. The wife answered denying the charges in the complaint and cross claitfied for alimony unconnected with divorce and further set up the defenses of res adjudi-cata a'nd estoppel by judgment arising out of certain proceedings in two causes between them had in the Probate Court of Middlesex County, Massachusetts. In one of these causes, she alleges she filed her petition against him praying that he be “prohibited from imposing any restraint on, her personal liberty and making such order as deemed expedient concerning her support and determine that she was justified in living separate and apart from her husband, because of his cruel and abusive treatment toward her and grant her separate support.” In the other cause she alleges that plaintiff filed suit for divorce against her alleging the ground of “cruel and abusive treatment” toward him and the further ground of “violent and ungovernable temper;” • that the facts established in the defense of that case are the same facts alleged in the complaint in this cause and that said action was dismissed after hearing .on the merits; that no appeal was taken from ■ this judgment of dismissal, which is therefore res adjudicata between .the parties and is also an estoppel by judgment. In this record there is no copy of her complaint nor of his - answer in the *361 separate maintenance suit, but there is an exemplified copy of the judgment -dated May 6, 1947, which purports to recite the substance 'of her complaint and further finding and decreeing that she was justified in living apart from him because Of his cruel and abusive treatment and- granting support. It is certified that this decree is still in force and effect except modified to the extent of eliminating support.
In the divorce action it appears from an exemplified copy of the complaint the husband alleged, without specification of any-facts, the ground of “cruel and abusive treatment” toward him,- but there is -no ground of “violent and ungovernable temper” alleged, as averred in her answer-in this case. The record, in addition to a copy of his complaint for-divorce, includes an exemplified copy of the docket sheet of that cause, showing that the complaint was filed on February 1, 1947, and the defendant answered March 20th following (other entries unnecessary to the disposition of this cause' omitted), and thereafter under date of May 6th appears the entry “libel ¡dismissed after hearing,” There is no copy of her answer in- that cause, no transcript of evidence in either of the causes, nor any copy of the judgrhent entered by the Court in the divorce action. -The only evidence, if it may be so termed, that judgment was entered, is the aforesaid notation on the docket sheet “libel dismissed after hearing.” - Such docket entry in -legal terminology • does not-connote-a dismissal- of the cause with prejudice, as alleged in her answe'r. -,In his amendment to his complaint, as above noted, * the plaintiff charged habitual indulgence in violent and ungovernable temper and not cruel -and abusive treatment - as ■ charged -in his complaint-in the Massachu- ■ setts Court, and since there is no transcript of the evidence, it may not be-assumed that --the- facts- proved in evidence in That cause are the same as those charged i'n the" plaintiff’s bill of, complaint;, however, in his bill of particulars to the complaint, the plaintiff admits that some, but not all, of the evidence he would''introduce"!,in‘ the cause, was “presented before the Probate Court” in Massachusetts..- Nor' may -it Be assumed that the issues embraced in-that case include the same issues embraced im -the ground of habitual indulgence in vio»-lent--and- ¡ungovernable temper under our statutes, and the only evidence appearing in1 the record, that the ground of “habitualin--dulgencé ’* in violent and un» governable temper” under our. statutes', F.S.A. § 65.04(5) may be presented and adjudged under the charge of “cruel and abusive treatment”, under the Massachusetts statute, G.L.(Ter.Éd.) c. 208, § ' 1, is an affidavit. of a member.-of the, bar of that ,staj:e, stating that in his opinion, “violent and; ungovernable temper” . may be ground for divorce in Massachusetts-and that same may be included under the Massachusetts statute in the ground for divorce denominated as “cruel and abusive treatment.” , This ex parte affidavit • fails to disclose that affiant was conversant with or. knew the laws of the State of Florida with respect to the facts required, to sustain the ground of “habitual indulgence * * * in violent and ungovernable temper” under our statutes. It does not meet the requirements of adequate proof for which it was offered under our decisions.
" In this'-state of the récord, updhs defendant’s motion to dismiss, the Chancellor dismissed it‘with-prejudice. ’ I'gather from the record, the argument of- counsel'before this Co'urt and their briefs, that the "motion to dismiss, together' with the exemplified copies 'of the records' of the proceedings'in' Massachusetts, and above -noted affidavit of'counsel, was treated by the'Lower Court asa motion for judgment'ori the ple'adings, of in the nature of á motion for'summary judgment. In my opinion, it was error to dismiss the cause with prejudice, because the record of the two causes between the parties in the Massachusetts Court is not complete in the essential particulars above noted and-.therefore insufficient to-furnish a- predicate for either the defense of res adjudicata or estoppel .by judgment, to- the charge of the -complaint:-in- this case. In matters« of-divorce .the State is a third party to-the--proceedings and proof-of all essential matters -of-'-the Complaint or defense must be made before the Court and this is so- *362 whether such matters are admitted or denied in the pleadings of the parties, or. impliedly admitted by decree pro confesso. No such- admission may be accepted-.in lieu of proof. Underwood v. Underwood, 12 Fla. 434, text 443; Hancock v. Hancock, 55 Fla. 680, 45 So. 1020, 15 L.R.A.,N.S., 670; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694, 701.
In Underwood v. Underwood, 12 Fla. 434, text 443, it is held:
“It has been properly remarked that a divorce suit may be regarded as a civil suit between three distinct parties, the government, the plaintiff, and defendant. It is the office of the government to protect the interests of the public, the welfare of the entire community whose interests are involved, and to see that’public morals are protected; and the rights of this party should never be forgotten by the Court.”
In Hancock v. Hancock, 45 So. 1020, the Court said:
“In a suit for divorce, no decree can be made without proof of the allegations of the bill, and, even if the defendant fails to appear, the courts are nevertheless bound to proceed with the same formality as if he were present and maintaining the keenest opposition; hence the entry of a decree pro confesso in such a suit amounts to but little. When the bill is so defective as to fail in setting out a legal cause for divorce, no amount of evidence will warrant a decree upon it.”
In Chisholm v. Chisholm, 125 So. 701, it is reiterated:
“This court has long adhered to the principle that ‘the state being a party in interest in all divorce suits, and the public welfare and morals being • involved, admissions of the parties therein, even by way of decree pro confesso, amount to but little. Proof-; of the allegations of the bill must be made. * * '*'
. “The rule has been established in this-state, that, ‘even if the defendant fails. to appear, the courts' are nevertheless bound to proceed with the same formality as if such defendant was present and maintaining the keenest opposition.’ ”
The same public policy and reasons supporting this rule as to the necessity and quality of proof in granting a divorce apply with equal force to a defense to an action for divorce.
I think the decree should be reversed with directions for the Chancellor to proceed to take the proof of the parties and enter such decree as the law and the evidence justify.